IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA A. GARCIA,

       Plaintiff,

v.

SUPERIOR RECOVERY SERVICE, INC.

       Defendant.

## COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF

1. Defendant Superior Recovery Service, Inc. ("Superior Recovery"), a collection company, made unlawful false threats concerning the suspension of Ms. Garcia's driver's license in connection with its attempt to collect a debt.

2. Ms. Garcia seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and under the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et seq.* ("UPA").

### Parties

3. Plaintiff Maria A. Garcia ("Ms. Garcia") resides in Albuquerque, New Mexico. She is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Superior Recovery Service, Inc. ("Superior Recovery") is a foreign corporation located in Texas. Superior Recovery is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Facts

5. Superior Recovery is not registered as a foreign corporation in New Mexico.

6. Superior Recovery is not licensed as a debt collector by the New Mexico Licensing and

Regulations Department.

7. Superior Recovery regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

8. Ms. Garcia entered into an automobile insurance agreement with Young America Insurance ("Insurance Agreement").

9. Ms. Garcia entered into the Insurance Agreement for personal purposes.

10. In connection with the Insurance Agreement, Young America sought to collect an alleged debt from Ms. Garcia in the amount of $2,321.08 ("Alleged Debt").

11. Upon information and belief, Young America sold the Alleged Debt, or assigned the right to collect the Alleged Debt, to Superior Recovery.

12. Superior Recovery sent Ms. Garcia a letter, dated August 28, 2009, in connection with its attempt to collect the Alleged Debt.

13. In its August 28 letter, Superior Recovery did not inform Ms. Garcia that it was a debt collector, that it was attempting to collect a debt, and that any information obtained would be used for that purpose.

14. In its August 28 letter, Superior Recovery did not include a Notice of Verification as required by the FDCPA, 15 U.S.C. § 1692g(a).

15. Superior Recovery sent Ms. Garcia another letter, dated August 31, 2009, in connection with its attempt to collect the Alleged Debt.

16. Superior Recovery's August 31 letter was signed by subrogation specialist Rose Luna.

17. In its August 31 letter, Superior Recover stated:

"In addition I will seek a request for this case to be motioned under the provision penal code as insurance fraud, in many states they can and may handled it as a *criminal act*, meaning that it may go on your record as a felony." (Emphasis in original).

18. Superior Recovery never filed a lawsuit against Ms. Garcia, nor did it ever intend to file a lawsuit against her.

19. Upon information and belief, Ms. Luna did not have the ability or authority to bring criminal charges against Ms. Garcia.

20. Superior Recovery never tried to procure criminal charges against Ms. Garcia, nor did it ever intend to procure criminal charges against her.

21. Superior Recovery sent Ms. Garcia another letter, dated September 29, 2009, in connection with its attempt to collect the Alleged Debt.

22. In its September 29 letter, Superior Recovery stated:

"The DEPARTMENT OF PUBLIC SAFETY or the Department of Motor Vehicles has either suspended your drivers license or is in the process of doing so because you did not have liability insurance and have not paid for the damage that you are responsible for."

23. Superior Recovery's claims recited above were false.

24. Upon information and belief, Superior Recovery did not request that the Department of Motor Vehicles ("MVD") suspend Ms. Garcia's driving privileges.

25. Upon information and belief, the MVD did not receive any request to suspend Ms. Garcia's driving privileges.

26. Superior Recovery's claim that it could procure the suspension of Ms. Garcia's driver's license was false.

27. Superior Recovery neither intended nor had the ability or authorization to procure the suspension of Ms. Garcia's driver's license.

28. Superior Recovery's tactics caused Ms. Garcia substantial apprehension, unease and worry.

29. Superior Recovery's actions constitute the transaction of business within New Mexico.

30. As a result of the actions of Superior Recovery, Ms. Garcia suffered actual damages, including, but not limited to, humiliation and embarrassment, and frustration and aggravation.

### First Claim for Relief: Violations of the UPA

31. Superior Recovery is subject to the UPA for its business conduct in New Mexico.

32. The foregoing actions of Superior Recovery constitute unfair or deceptive trade practices, and unconscionable trade practices, within the meaning of the UPA, NMSA 1978 §§ 57-12-2(D) and (E), generally, and NMSA 1978 §§ 57-12-2(D)(14) and (15) specifically.

33. Superior Recovery willfully engaged in these unlawful trade practices.

34. Ms. Garcia is entitled to recover actual or statutory damages, trebled.

### Second Claim for Relief: Violations of the FDCPA

35. Superior Recovery's actions violate the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692g(a).

36. Ms. Garcia is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

### Jury Demand

37. Ms. Garcia requests trial by six-person jury on all issues so triable.

### Request for Relief

Ms. Garcia requests that the Court award:

A. Injunctive relief enjoining Superior Recovery from seeking to collect consumer debts from New Mexico residents until such time as it is licensed to collect consumer debts by the New Mexico Licensing and Regulations Department;

B. Actual or statutory damages, trebled, against Superior Recovery, for violations of the

UPA;

C. Actual or statutory damages against Superior Recovery, for violations of the FDCPA;

D. Reasonable attorney fees and costs against Superior Recovery;

E. Such other relief as the Court deems just and proper.


Respectfully submitted,

FEFERMAN, WARREN & TREINEN, P.A., Attorneys for Plaintiff

CHARLES PARNALL
300 Central Ave., SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663 (fax)